The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTNEY KANE and TRAVIS KANE, wife and husband and the marital community composed thereof,<br>Plaintiffs,<br><br>v.<br><br>MID-CENTURY INSURANCE COMPANY, a foreign corporation, dba FARMERS INSURANCE; Defendant. | NO. 2:24-cv-1635<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL** |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Compel Production of Unredacted Claim File. Dkt. No. 14. Defendant Mid-Century Insurance Company ("Mid-Century") has produced the Kanes' claim file, but withheld and redacted documents that it asserts are subject to the attorney-client privilege and protected under the work-product doctrine, and were created after Plaintiffs initiated legal proceedings against it. Having reviewed the parties' briefs filed in support of and in opposition to the Motion to Compel, the Court denies the motion for the reasons that follow.

## II.   BACKGROUND

On September 10, 2021, Plaintiff Brittney Kane was injured in an automobile accident, and settled with the insurer of the at-fault driver for $25,000, the limit of that driver's coverage.

Kane turned to her underinsured motorist ("UIM") insurer Mid-Century for coverage of the remainder of her injuries. Mid-Century disputed that Kane's injuries exceeded the $25,000 she had already been paid, and "[o]n or about March 22, 2023, Mid-Century wrote advising 'We've evaluated your client's claim and do not see an Underinsured Bodily Injury exposure.'" Compl., ¶ 3.11. Mid-Century denied Kane's UIM claim.

On or about April 21, 2023, Kane served on Mid-Century an intent-to-sue notice under the Insurance Fair Conduct Act ("IFCA"), a prerequisite to suit under that statute. *See* Erickson Decl., Ex. A. In July 2023, Kane filed a lawsuit against Mid-Century, which was ultimately litigated and resolved in arbitration. After a hearing in January 2024, the arbitrator entered an award against Mid-Century for $25,899.50 (over and above the $25,000 Kane had already received from the tortfeasor's insurer). Mid-Century accepted and paid the arbitration award.

On September 17, 2024, Kane filed the instant lawsuit against Mid-Century, asserting bad faith, violations of the IFCA and the Washington Consumer Protection Act, and breach of contract, based upon Mid-Century's failure to pay UIM benefits when the claim was originally tendered. In response to Plaintiffs' discovery requests, Mid-Century produced Kane's claim file, totaling approximately 3,000 pages. However, Mid-Century redacted and withheld documents dated after April 21, 2023 (the date on which Plaintiffs served their IFCA letter) that Mid-Century deemed attorney-client privileged and/or work-product protected, and produced a 10-page privilege log listing those documents. *See* Erickson Decl., Ex. B. After counsel held a discovery conference that failed to resolve the dispute, this motion followed.

### III.    DISCUSSION

#### A.  Standard on Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

ORDER DENYING
MOTION TO COMPEL
- 2

party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### B. Whether Plaintiffs Are Entitled to Production of Unredacted Claim File

Plaintiffs contend that in a claim brought by an insured for breach of the duty of good faith against the insurer, the insured is entitled to complete and unredacted access to her claim file, "because work product and attorney-client privilege cannot be invoked to the insurer's benefit where the only issue in the case is whether the company breached its duty of good faith in processing the insured's claim." Pls.' Mot. at 5 (quoting *Richardson v. Gov't Emps. Ins. Co.*, 200 Wn. App. 705, 713 (2017)). Washington courts have clarified, however, that "the same reasoning does not apply to UIM claims," such as the one brought here. *Id*. That is because "[t]he UIM insurer steps into the shoes of the tortfeasor and may defend as the tortfeasor would defend. Thus, in the UIM context, the insurance company is entitled to counsel's advice in strategizing the same defenses that the tortfeasor could have asserted." *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn. 2d 686, 697–98 (2013). Accordingly, Plaintiffs' assertion that courts start "from the presumption that there is no attorney-client privilege relevant between the insured and the insurer" is, in this context, incorrect. Pls.' Mot. at 4 (citing *Cedell*, at 699).

Instead, "in the UIM context," such as in this case, "'there is no presumption of waiver by the insurer of the attorney-client privilege." *Richardson*, 200 Wn. App. at 714; *see also Leahy v. State Farm Mut. Auto. Ins. Co.*, 3 Wn. App. 2d 613, 624 (2018) ("[I]n a UIM case like this, the insured must overcome a higher bar before it can discover privileged information."). The insured

ORDER DENYING
MOTION TO COMPEL
- 3

1  in this context may pierce the attorney-client privilege only upon a showing that in denying her

2  claim, the insurer engaged in civil fraud.[1] Plaintiffs here have not only failed to make such a

3  showing; they have not even argued that the civil fraud exception applies in this case, or even

4  made reference to this standard. Nor have Plaintiffs provided any other proposed basis for

5  piercing Defendant's attorney-client privilege.

6       As a result, Plaintiffs are seeking production of material that is presumptively attorney-

7  client privileged and work-product protected, while providing no legitimate reason for piercing

8  these privileges or compelling the documents' production. All of the material Defendant has

9  withheld—that is, every document listed on its privilege log—was created on or after April 21,

10 2023, the date on which Plaintiffs served on Mid-Century their IFCA notice. *See* Erickson Decl.,

11 Ex. B. Mid-Century's counsel further avers that all withheld documents were created in

12 anticipation of litigation. *See* Erickson Decl., ¶ 9 (withheld documents include "internal

13 discussions regarding plaintiffs' UIM Lawsuit, requests for legal referrals to retain counsel to

14 defend Mid-Century in the lawsuit, discovery and pleadings filed in the lawsuit, the arbitration

15 award, and discussions about how to respond to plaintiffs' draft complaint for contractual and

16 extracontractual damages, and other issues related to the UIM Lawsuit and the present Lawsuit.").

17       The Court concludes that Mid-Century has met its burden of demonstrating that the

18 documents it withheld are not discoverable. It has produced all of the documents in the Kanes'

19 claim file leading up to its coverage determination; all documents it withheld were created after

20 Mid-Century denied the Kanes' claim. In addition to being presumptively privileged, such after-

---

[1] Such a showing involves a two-step process. "First, the court determines whether there is a factual showing adequate to support a good faith belief by a reasonable person that wrongful conduct sufficient to evoke the fraud exception has occurred. Second, if so, the court subjects the documents to an in camera inspection to determine whether there is a foundation in fact for the charge of civil fraud." *Cedell*, 176 Wn.2d at 698.

ORDER DENYING
MOTION TO COMPEL
- 4

created documents are not in any obvious way related to the bad faith that was allegedly committed in denying Plaintiffs' UIM claim. *See Lock v. Am. Fam. Ins. Co.*, 12 Wn. App. 2d 905, 923 (2020) ("By the time [the insured] sued, any claim investigation and evaluation had ceased. Postlitigation conduct of the insurer's counsel is not the basis for liability for insurance bad faith."); *see also Richardson*, 200 Wn. App. at 716–17 (denying motion to compel under materially similar circumstances because "[a]llowing Richardson to access privileged information between GEICO and its attorney as to events that occurred after GEICO made its decision regarding the UIM claim and made after Richardson filed suit would run afoul of the purpose of the attorney-client privilege, the work product doctrine, and the purposes of discovery. Attorney work product that occurs after the filing of a lawsuit often contains the lawyer's assessment of the case, trial strategy, and impressions of witnesses. Here, the litigation file is irrelevant to Richardson's UIM claim. Richardson has not shown anything to the contrary"). Because Plaintiffs fail to provide the Court with any valid reason for abrogating Mid-Century's asserted privilege, their Motion to Compel is denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Compel.

DATED this 2nd day of April, 2025.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING
MOTION TO COMPEL
- 5